that individual's survivors, who step into his single pair of shoes.

Here, the surviving members of the Campbell family have no claims for injury to themselves against the insolvent insurer. Rather, their claims devolve from the single decedent's claim for injury, which became his estate's claim upon his death. Thus, I would hold that the enumerated members of the Campbell family, through their decedent's estate, comprise a single claimant for purposes of the Act. Accordingly, I would reverse the Superior Court and affirm the trial court's grant of summary judgment in favor of the Association. Because the Majority does otherwise, I respectfully dissent.

■

**COMMONWEALTH of Pennsylvania,**
**Respondent,**

v.

**Shaun Christopher WILLIAMS,**
**Petitioner.**

Supreme Court of Pennsylvania.

July 29, 2003.

### ORDER

PER CURIAM.

**AND NOW,** this 29th day of July, 2003, the petition for allowance of appeal is **DENIED** without prejudice to petitioner to file any claims of ineffectiveness in a peti-

tion pursuant to the Post–Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* *See* *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002).

■

**HANOVER SCHOOL DISTRICT,**
**Petitioner,**

v.

**HANOVER EDUCATION**
**ASSOCIATION,**
**Respondent.**

Supreme Court of Pennsylvania.

July 29, 2003.

### ORDER

PER CURIAM.

**AND NOW,** this 29th day of July, 2003, the Petition for Allowance of Appeal is hereby GRANTED, limited to the following issue:

Did the Commonwealth Court depart from the essence test as set forth by this Court when it found that a "just cause" provision was "implied" in a collective bargaining agreement where the arbitrator found provisions in the collective bargaining agreement that addressed discipline, the collective bargaining agreement expressly defined a grievance as any "alleged violation of any *provision* of this agreement," and no evidence of any bargaining history or past prac-

tice was presented that the parties intended to arbitrate disciplinary matters?